# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

Augustus Light,

        Petitioner,

v.

United States of America,

        Respondent.

Crim. No. 03-298 (1) (RHK)

**ORDER**

This matter is presently before the Court on Petitioner's self-styled submission entitled "Motion for Actual Innocence." (Docket No. 85.) Petitioner is once again asking the Court to review the criminal conviction and sentence that have been entered against him in this case.

It is well-settled that a federal prisoner normally can maintain a collateral challenge to his conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. § 2255. Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004), cert. denied, 545 U.S. 1147 (2005). In effect, a motion brought under § 2255 is the exclusive remedy available to a federal prisoner who is asserting a collateral challenge to his conviction or sentence. See Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003) ("[i]t is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255").

Petitioner's current motion contends that he is "actually innocent" of his conviction and sentence in this case, because (a) "the Government failed to carry its burden to demonstrate that petitioner qualified for 18 U.S.C. 924(e) 'ACCA' enhancement," and (b) "the Government did not present Court records pertaining to prior convictions showing the specific statutes that petitioner had violated." Petitioner is specifically requesting a "resentencing hearing." Thus, it is readily apparent

that Petitioner is attempting to challenge the validity of his conviction and/or sentence, which means that his current motion is subject to § 2255's exclusive remedy rule.

If Petitioner were still eligible for relief under § 2255, his present motion could simply be treated as a motion brought under § 2255 and entertained as such. However, Petitioner is not presently eligible for relief under § 2255. Because Petitioner has already filed a § 2255 motion that was denied on the merits, (see Order dated January 17, 2007; [Docket No. 80]), he can no longer seek relief under that statute without pre-approval from the Eighth Circuit Court of Appeals. 28 U.S.C. §§ 2244(b)(3) and 2255(h).[1]

---

[1] According to 28 U.S.C. § 2255(h):

"A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

28 U.S.C. § 2244(b)(3) provides that:

> "(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
> (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
> (E) The grant or denial of an authorization by a court of appeals to file a second or

Without a proper pre-authorization order from the Court of Appeals, this Court cannot entertain any new application for § 2255 relief that Petitioner might attempt to bring. Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996); see also Boykin v. U.S., No. 99-3369 (8th Cir. 2000), 2000 WL 1610732 (unpublished opinion). Because Petitioner has not obtained the requisite pre-authorization order, his present submission cannot be entertained as a § 2255 motion.

In sum, Petitioner can challenge his conviction and/or sentence only by filing a motion for relief under § 2255. Because Petitioner has already been denied relief under § 2255 once before, his current motion cannot be construed to be a § 2255 motion and entertained as such. Instead, Petitioner's present motion must be treated as an unauthorized second or successive § 2255 motion that must be summarily dismissed. Petitioner will not be able to challenge his conviction or sentence again in this Court under 28 U.S.C. § 2255, or by any other means, unless he first obtains a pre-authorization order from the Eighth Circuit Court of Appeals pursuant to 28 U.S.C. § 2255(h). See United States v. Lambros, 404 F.3d 1034, 1036 (8th Cir.) ("[i]t is well-established that inmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive § 2254 or § 2255 action by purporting to invoke some other procedure"), cert. denied, 545 U.S. 1135 (2005).[2]

---

successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari."

[2] As an aside, the Court notes that Petitioner's "actual innocence" argument appears to be unsustainable in any event. Even if the alleged errors described in Petitioner's motion did occur, (which is a very dubious assumption), those alleged errors might, at most, cast some doubt on the legal propriety of Petitioner's sentence – i.e., whether all of the requirements of the applicable sentencing laws were correctly applied. However, there is nothing in Petitioner's submissions that affirmatively proves, by means of some newly discovered evidence or otherwise, that Petitioner truly is, in fact, altogether innocent of his crime or resulting sentence. It is relatively easy to argue that

Based upon the foregoing, and all of the files, records and proceedings herein,

**IT IS ORDERED** that

Petitioner's "Motion for Actual Innocence," (Docket No. 85), is summarily **DENIED**.

Dated: January 18, 2011

s/Richard H. Kyle
RICHARD H. KYLE
United States District Court Judge

---

an error occurred during a court proceeding, or that the record does not adequately support some
particular ruling, (which appears to be the true gist of Petitioner's current motion); but proving
actual innocence is different – and considerably more difficult.