UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Case Nos. 20-cr-147 (ADM/LIB)
03-cr-298 (PAM)

UNITED STATES OF AMERICA,

   Plaintiff,

 v.            **ORDER OF DETENTION**

AUGUSTUS QUINTRELL LIGHT,
a/k/a "Stow,"

   Defendant.

This matter came before the Court on August 4, 2020, upon the motion of the United States for an Order of Detention, as well as for a preliminary and detention hearing on the Third Amended Petition on Supervised Release in Case No. 03-cr-298. Mr. Light appeared and was represented by his attorney, Catherine Turner. The United States was represented by Assistant United States Attorney, Ruth Shnider.

The hearing was conducted by video-conference with the consent of the defendant, pursuant to the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") and the General Orders of this District related to the COVID-19 pandemic. Mr. Light appeared from Tri-County Jail by video-conference and gave his consent on the record, following consultation with counsel, to proceed with the hearing by video-conference.

The Court had before it the pretrial services report prepared by the Pretrial Services Office, along with the indictment in Case No. 20-cr-147, and the Third Amended Petition and Notice of Supervised Release Violations in Case No. 03-cr-298.

As to some of the violations of supervised release alleged in the Third Amended Petition, on March 19, 2019, Magistrate Judge Bowbeer found probable cause to believe Mr. Light violated his supervised release as alleged. (*See* Case No. 03-cr-298, ECF No. 197). As to the most recent alleged violations, based on the indictment returned by the grand jury in Case No. 20-cr-147, which arises out of the same events, the Court found that there is probable cause to believe Mr. Light committed the additional violations set forth.

As to the issue of detention, based upon the evidence presented at the hearing, and on the arguments of counsel, the Court concludes that the Government has met its burden to show that Mr. Light is both a flight risk and a danger to the community in the new federal case. In addition, Mr. Light has not met his burden in the supervised release proceeding to show by clear and convincing evidence that he does not pose a flight risk or danger to the community. Accordingly, the Court orders Mr. Light detained.

## FINDINGS OF FACT

According to the bond report and violation report, Mr. Light was convicted in this District in 2003 for being a felon in possession of a firearm and was sentenced to 235 months' imprisonment (later reduced to 120 months) and three years of supervised release. He was first released from custody in September 2016, and over the ensuing year and half, was charged and/or convicted of various state crimes and violations of supervision.

In March 2017, Mr. Light was terminated from the Reentry Court Program following charges in state court for domestic assault, terroristic threats, and 5th degree drug possession. Those state charges also led to an alleged violation of Mr. Light's federal supervised release. At Mr. Light's March 2017 detention hearing on the supervised release

violation, he was released on conditions, but only two months later, in May 2017, a new federal warrant issued when Mr. Light was alleged to have cut his electronic monitoring bracelet. Mr. Light reappeared in this Court in June 2017 and was again released on conditions, but in October 2017, a warrant issued when he was charged in state court with indecent exposure and various traffic infractions. By December 2017, he also faced state charges for counterfeiting of currency and disorderly conduct. In February 2018, Mr. Light appeared before The Honorable Paul A. Magnuson for a final revocation hearing, and was revoked and sentenced to 15 months in prison, plus additional supervised release. He was again released from custody in September 2018.

As alleged in the violation report, since his most recent release from custody, Mr. Light has tested positive for marijuana on two occasions, in February and July of 2019. In addition, in March 2019, he was charged in Beltrami County with felony fleeing a peace officer. These events led to another alleged violation of Mr. Light's supervised release, for which he first appeared in this Court in March 2019. Following a period of detention, Mr. Light was ordered released on electronic monitoring in April 2019. However, based on the remote location of Mr. Light's residence, several methods of electronic monitoring were attempted but ultimately proved unsuccessful.

In December 2019, Mr. Light was arrested and charged in both Beltrami and Mahnomen counties with various drug and firearms offenses. These events ultimately gave rise to a new federal indictment in Case No. 20-cr-147, which charges Mr. Light with (1) possession with intent to distribute 50 grams or more of actual methamphetamine (in violation of 21 U.S.C. § 841(b)(1)(A)); (2) possession with intent to distribute heroin and

3

cocaine (in violation of 21 U.S.C. § 841(b)(1)(C)); and (3) felon in possession of ammunition (in violation of 18 U.S.C. § 922(g)(1)).

Because Counts 1 and 2 charge offenses under the Controlled Substances Act that carry a maximum sentence of more than 10 years in prison, those charges carry a rebuttable presumption of detention under 18 U.S.C. § 3142(e)(3)(A). In addition, a rebuttable presumption of detention also arises under 18 U.S.C. § 3148(b) because there is probable cause to believe Mr. Light committed new federal crimes after having previously been released on conditions in the supervised release case.

According to the bond report, while in state custody following his December 2019 arrest, Mr. Light accrued three new state cases based on his conduct at the county jail: disorderly conduct (fighting), fourth degree intentional damage to property, and intentional transfer of bodily fluids to a corrections officer.

The Court also notes that in August 2019, while on release, Mr. Light experienced a health episode involving blood clots in his lungs which required hospitalization for nearly two weeks. At the hearing, Mr. Light's counsel argued, among other things, that these health concerns, paired with the risks posed by the COVID-19 pandemic, warrant his release on conditions.

The United States Pretrial Services Office recommended that Mr. Light be detained.

### DISCUSSION

Under 18 U.S.C. § 3142, pretrial detention may be ordered if the Government shows by clear and convincing showing that release will result in a danger to the community, or if the Government shows by a preponderance of the evidence that release will result in a

serious risk of flight. *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986).

In addition, in the supervised release proceeding, Mr. Light bears the burden to show, by clear and convincing evidence, that he will not pose a danger to the community or a risk of flight if he is released pending the final revocation hearing. *See* Fed. R. Crim. P. 32.1.

Based on the factual findings set forth above, the arguments of counsel, and the recommendation of the Pretrial Services Office, the Court concludes that the Government has met its burden to show by clear and convincing evidence that Mr. Light poses a danger to the community, and by a preponderance of the evidence that he is a flight risk, and that there is no combination of release conditions that will sufficiently mitigate these risks. The Court necessarily also concludes that Mr. Light has not met his burden in the supervised release case to show that release is appropriate.

In particular, although the Court understands that Mr. Light takes issue with some of the factual assertions underlying his past violations and the present charges, the Court is persuaded that his history of violating both the law and his conditions of supervision is simply too extensive to conclude that any conditions of release will be sufficient.

In addition, although the Court understands Mr. Light has health concerns that may be exacerbated by the COVID-19 pandemic, the Court is not aware of any information suggesting that jail staff cannot provide him with any medical attention he may need. The Court also is aware that jail staff are taking extensive measures to mitigate the risks posed

by the current pandemic. As such, the Court concludes that Mr. Light's proffered health concerns do not outweigh the compelling reasons for detention.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. The motion of the United States for detention of Mr. Light is granted;

2. Mr. Light is committed to the custody of the United States Marshals for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

3. Mr. Light shall be afforded reasonable opportunity to consult privately with his lawyer; and

4. Upon Order of the Court or request by the United States Attorney, the person in charge of the corrections facility in which Mr. Light is confined shall deliver him to the United States Marshal for the purpose of appearance in connection with a court proceeding.

Dated: August 5, 2020            *s/Jon T. Huseby*
                                                            Jon T. Huseby
                                                            United States Magistrate Judge