UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,                                    Crim. No. 03-298 (PAM)

                 Plaintiff,

v.                                                                                 **ORDER**

Augustus Quintrell Light,

                 Defendant.

_____

United States of America,                                 Crim. No. 20-147 (PAM/LIB)

                 Plaintiff,

v.                                                                                  **ORDER**

Augustus Quintrell Light,

                 Defendant.

_____

This matter is before the Court on Defendant Augustus Quintrell Light's pro se Motions to withdraw the global plea agreement, waive counsel, be present at any hearing, and represent himself. (Docket Nos. 268, 269 in 03-cr-298; Docket Nos. 131, 132 in 20-cr-147.)[1] For the following reasons, the Motions are granted in part and denied in part.

Light seeks to withdraw his guilty plea and raises two issues to that end regarding his global plea agreement. The Federal Rules of Criminal Procedure are clear that a "defendant may not withdraw a plea of guilty or nolo contendere, and the plea may be set

---

[1] The Court notes that Docket No. 269 in 03-cr-198 is duplicative of Docket No. 131 in 20-cr-147, and that Docket No. 268 in 03-cr-398 is duplicative of Docket No. 132 in 20-cr-147.

aside only on direct appeal or collateral attack." Fed. R. Crim. P. 11(e).  Light cites no reason under Rule 11 to justify his request, and he utterly fails to meet his burden of demonstrating that his plea should be withdrawn.  See United States v. Austin, 413 F.3d 856, 857 (8th Cir. 2005).

Light first contends that his standby counsel assured him that the sentences he would receive for the supervised release violation and the new criminal charges would run concurrent to each other.  This argument is absurd because the plea agreement described that the Government would ask for consecutive sentences, while Light reserved the right to argue for concurrent sentences.  (Docket No. 245 at 7 in 03-cr-298; Docket No. 95 at 7 in 20-cr-147.)  Moreover, the Government's position was further discussed at the plea hearing.  Light's argument regarding concurrent sentences fails.

Light next argues that "[b]ecause the Agreed on Sentence exceeded that statutory maximum Allowed in that case, i.e. illegal sentence.  Therefore that whole contract (Global Plea Agreement) is VOID once any Aspect of the plea/contract is violated unless specified and there can be no plea bargain to an illegal sentence."  (Docket No. 298 at 2 in 03-cr-198; Docket No. 131 at 2 in 20-cr-147.)  Light cites no authority for this argument, and the Court has found none.  The argument is in any event nonsensical: Light's narcotics plea and sentence are separate matters from the revocation of supervised release.  The mere fact that his narcotics conviction constituted a violation of his supervision for which the Court imposed a sentence several months too long does not mean that his guilty plea to the underlying substantive offense was somehow defective.  The Eighth Circuit directed this

Court to revisit only the sentence imposed for the revocation of Light's supervised release; Light's appeal of his narcotics sentence was denied. (Docket No. 128 in 20-cr-147.) The Court therefore denies Light's Motions to withdraw his plea agreement.

Light's ineffective assistance claims are likewise without merit. As explained above, the Court rejects Light's argument that his counsel was ineffective for allegedly failing to inform Light that his sentence on the narcotics charge might run consecutively to any sentence for violating the terms of his supervised release. In any event, Light chose to represent himself during the plea negotiations and at the plea hearing. Thus, Light cannot now use his pro se status to his advantage, because "having chosen to represent himself, Defendant cannot rely on an assertion that his standby counsel is inadequate, because Defendant has no constitutional right to standby counsel." United States v. Arafat, No. 12-cr-45, 2014 WL 457906, at *3 (D. Minn. Feb. 4, 2014) (Nelson, J.). The Motions are denied as to Light's claims of ineffective assistance.

Lastly, Light asks to be present at any future hearing in these cases and to represent himself at those hearings. The Court grants this request.

Accordingly, **IT IS HEREBY ORDERED that** Defendant's pro se Motions to withdraw the global plea agreement, waive counsel, be present at any hearing, and represent himself (Docket Nos. 268, 269 in 03-cr-298; Docket Nos. 131, 132 in 20-cr-147) are **GRANTED in part and DENIED in part** as set forth above.

Dated:  Monday, October 24, 2022

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge